# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Matthew John Dyer, | ) | Case No. 1:17-cr-164 |
| | ) | |
| Defendant. | ) | |

Matthew John Dyer ("Dyer") and his wife, Charlene Victoria David ("David"), are charged in an Indictment with the offenses of conspiracy to distribute and possess with intent to distribute a controlled substance and conspiracy to commit money laundering. Dyer is also charged with the offense of money laundering. Dyer was ordered detained pending trial. David was conditionally released. One of her release conditions prohibits her from having any direct or indirect contact with Dyer and her other co-defendants.

On May 22, 2018, Dyer filed a *pro se* request to modify David's release conditions. He is seeking to strike the condition that prohibits David from contacting him.

On May 25, 2018, the Government filed a response in opposition to Dyer's motion. It avers that the restriction on David's communication with co-defendants in general and David in particular is permitted by statute and otherwise warranted by the circumstances.

28 U.S.C. §§ 3142(c)(1)(B)(iv) and (v) expressly authorize this court to limit a defendant's associations and to require a defendant to avoid any contact with potential witnesses. Here, the court did not restrict David's contact with Dyer on a whim. Rather, it imposed the condition after considering, amongst other things, the nature and the circumstances of the offenses charged and the

1

nature and seriousness of the danger to any person or to the community.  See United States v. Johnston, No. 2:11-cr-501, 2013 WL 4027723, at *2 (D. Utah Aug. 7, 2013) (overruling a defendant's objection to a condition of release prohibiting contact between co-defendants); see also United States v. Sorenson, No. 2:17–cr–00244 , 2018 WL 4799793, at * 2 (D. Nev. Oct. 23, 2017) (denying a defendant's motion to strike a condition of release prohibiting contact with his best friend, a co-defendant ); but see United States v. Belair, No. 17-40043-02, 2018 WL 4758964, at * 2 (D. Kan. Oct. 20, 2017) (modifying a defendant's conditions of release so as to permit telephone contact with her fiancee, a co-defendant in custody).

David did not object to the condition prohibiting contact with all of her co-defendants when it was first imposed and has not since sought to have it modified or eliminated.  Dyer's request (Doc. No. 294) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 5th day of June, 2018.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court